IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND/ODESSA DIVISION

| | |
|---|---|
| JERRY LESLYE BRYANT § | |
| § | |
| VS. § | |
| § | |
| ECTOR COUNTY and DEPUTY § | MO-12-CV125 |
| JONATHEN VALENCIA, § | |
| INDIVIDUALLY, AND IN HIS § | |
| OFFICIAL CAPACITY AS A JAILER § | |
| AND/OR SHERIFF'S DEPUTY § | |
| FOR ECTOR COUNTY § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES JERRY LESLYE BRYANT, Plaintiff, and files this his Original Complaint and for such, would respectfully show unto the Court the following:

**I.
PARTIES**

1. Plaintiff, JERRY LESLYE BRYANT is an individual and a citizen of both the State of Texas and the United States of America. He resides, and is domiciled, in Ector County, Texas.

2. Defendant ECTOR COUNTY is a governmental entity doing business in both the State of Texas and the United States of America. Defendant ECTOR COUNTY maintains its principal place of business at 300 N. Grant Street, Odessa, Texas 79761, and is a County Government domiciled in Ector County, Texas. The County has been served and has answered through Mr. Dennis.

3. Defendant DEPUTY JONATHEN VALENCIA is an individual and citizen of both the State

of Texas and the United States of America. His identity has only recently been determined however it is believed that he is no longer employed by ECTOR COUNTY. It is unknown as to the location of former Deputy Valencia however Plaintiff is trying to locate Deputy Valencia. It is believed he is domiciled in Ector County, Texas.

## II.
## PERSONAL JURISDICTION

4. Defendants have systemic and continuous contacts with the State of Texas. Further, Defendants have purposely directed their activities at residents of the State of Texas and this civil action results from damages that arise out of or relate to those activities. Therefore, this Court has "general jurisdiction" over Defendants for all matters in which they are a party and "specific jurisdiction" over Defendants for the claims raised in this civil action. In sum, this Court has personal jurisdiction over the parties in this civil action.

## III.
## SUBJECT MATTER JURISDICTION

5. In this civil action, Plaintiff, JERRY LESLYE BRYANT, is suing Defendants, ECTOR COUNTY, and DEPUTY JONATHEN VALENCIA, JAILER, AND/OR SHERIFF'S DEPUTY FOR ECTOR COUNTY (in his individual capacity and his official capacity as Jailer and/or Sheriff's Deputy) under federal law–Section 1983 of Title 42 of the United States Code, and for violating the Plaintiff's rights guaranteed him by the Fourth (4th) and Fourteenth (14th) Amendments of the United States Constitution. This civil action arises under federal law, this Court has subject matter jurisdiction pursuant to Section 1331 of Title 28 of the United States Code (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (42 U.S.C. § 1983 claims).

## IV.
## VENUE

6. Venue is proper in this district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## V.
## CONDITIONS PRECEDENT

7. All conditions precedent have been performed or have occurred. Notice of Plaintiff's claims was sent to Ms. Cindy Weir-Nutter, then Ector County Attorney, and Judge Susan Redford, via certified mail, return receipt requested, May 18, 2011. The notice was received by both Ms. Cindy Weir-Nutter and Judge Redford's offices May 19, 2011.

## VI.
## FACTS

8. On January 3, 2011, Plaintiff was arrested by the Odessa Police for failure to have insurance on his vehicle.

9. The no insurance ticket was subsequently dismissed.

10. Plaintiff was transported to Ector County Jail on January 3, 2011.

11. Plaintiff was in the custody of Ector County after being left there by Deputy Tercero of the Ector County Sheriff's Department.

12. Plaintiff was booked into the jail for a class C misdemeanor.

13. Plaintiff was a pretrial detainee.

14. Plaintiff was required to change into jail clothes.

15. After Plaintiff had changed, and while being booked, or just thereafter, he was struck/tackled by DEPUTY VALENCIA, who was employed by Ector County.

16. The jailer/deputy was/were acting in the course and scope of his employment as a jailer or

sheriff's deputy for Ector County.

17. Plaintiff had just had his right hip replaced six weeks prior to his arrest.

18. The impact of the jailer/deputy on the Plaintiff was so severe that it broke Plaintiff's right femur/hip where the hip replacement prothesis had been implanted.

19. Plaintiff was unable to get up on his own, but he was dragged into a padded cell and maced and he remained in severe pain for the rest of the day without any medical attention.

20. Defendants used unreasonable, unnecessary, and excessive force while booking and detaining Plaintiff. DEPUTY VALENCIA tackled and/or struck Plaintiff breaking Plaintiff's leg. The force DEPUTY VALENCIA used was unreasonable in the light of the circumstances.

21. The injuries suffered by Plaintiff were significant, substantial, and severe.

22. At the time of the booking Defendant(s) was/were acting under color of the laws and regulations of the State of Texas, Ector County, and the Ector County Sheriff's Office. Ector County and the Ector County Sheriff's Office had a custom in place that enabled its agents and employees to act with deliberate indifference to the constitutional rights of individuals. Ector County tolerated misconduct by its deputies, jailers, and personnel, encouraging misconduct by failing to adequately supervise, discipline, or train.

## VII.
### FIRST CLAIM FOR RELIEF (Civil Action for Deprivation of Rights)

23. Plaintiff incorporated by reference and realleges paragraphs 1 through 22.

24. DEPUTY VALENCIA acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights under both the Fourth (4th) and Fourteenth (14th) Amendments to the United States Constitution.

25. Defendant DEPUTY VALENCIA'S use of excessive force against Plaintiff, as described

above, was carried out pursuant to express, well settled, and official policies, procedures, and practices and/or customs of DEFENDANT ECTOR COUNTY - all of these violated Plaintiff's clearly established rights under the U.S. Constitution against the use of unreasonable, unnecessary, and excessive force and against cruel and unusual punishment.

26. Defendant DEPUTY VALENCIA'S use of excessive force against Plaintiff was also the result of the inadequate supervision and training provided by Defendant ECTOR COUNTY to Defendant DEPUTY VALENCIA. This inadequate supervision and training resulted from and was caused by Defendant ECTOR COUNTY'S deliberate disregard and/or indifference to Plaintiff's right to be free from the use of excessive force in violation of Plaintiff's Fourth (4th) Amendment Rights.

27. Defendant DEPUTY VALENCIA'S use of excessive force against Plaintiff was objectively unreasonable - no reasonable deputy/jailer would strike or tackle an inmate with such force as to break their leg and hip.

28. Defendant DEPUTY VALENCIA'S use of excessive force against Plaintiff also amounted to cruel and unusual punishment in violation of Plaintiff's Fourteenth (14th) Amendment Rights under the United States Constitution - the Defendants unnecessary and wanton infliction of pain constitutes cruel and unusual punishment.

## VIII.
## 42 U.S.C. §1983 CLAIM AGAINST INDIVIDUAL DEFENDANT

29. DEPUTY VALENCIA acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights.

## IX.
## COMPLIANCE WITH NOTICE PROVISIONS

30. Notice of Plaintiff's claims was sent to Ms. Cindy Weir-Nutter, Ector County Attorney, and Judge Susan Redford, via certified mail, return receipt requested, May 18, 2011. The notice was received by both Ms. Cindy Weir-Nutter and Judge Redford's offices May 19, 2011.

## X.
## DAMAGES

31. As a direct and proximate result of the DEPUTY VALENCIA's use of excessive force and cruel and unusal punishment, Plaintiff suffered the following injuries and damages:

   a. Medical expenses in the past in the amount of approximately $116,000.00 and future;

   b. Mental anguish in the past and future;

   c. Disfigurement in the past and future;

   d. Physical impairment in the past and future;

and

   e. Physical pain and suffering.

## XI.
## ATTORNEY'S FEES

32. Plaintiff is entitled to an award of attorney's fees and costs under 42 U.S.C. § 1988(b).

## XII.
## PRAYER

33. For these reasons, Plaintiff asks for judgment against Defendants for the following:

   a. Actual damages in excess of $116,000.00;

   b. For reasonable attorney's fees to be determined by the Court;

   c. Prejudgment and postjudgment interest;

    d.    Costs of suit;

    e.    All other relief the Court deems appropriate.

## XIII.
## PLAINTIFF'S DEMAND FOR JURY TRIAL

34.    Plaintiff, JERRY LESLYE BRYANT, asserts his rights under the Seventh (7th) Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury.

Respectfully submitted,

Law Office of Brian Carney
1202 W. Texas Ave.
Midland, Texas 79701
Tel: (432) 686-8300
Fax: (432) 686-1949

By: _____
    Brian Carney
    State Bar No.   03832275
    ATTORNEY FOR PLAINTIFF